■ Joan McKay, Appellant, v. Scott McKay, Respondent.— Order entered on January 19, 1961, on plaintiff's motion to commit the defendant, which order directed a reference, affirmed, with $20 costs and disbursements of this appeal to abide the event. While, for the purposes of this appeal, the amount of defendant's earnings and the amount of his assets are not in dispute, there is inadequate information with respect to how and for what purposes his funds were disbursed. In the circumstances here present, such information is necessary to enable a determination to be made as to the ability of the defendant to make the payments directed in the contempt order (see Civ. Prac. Act, § 1172-a). Concur — Breitel, J. P., Rabin, Valente and Eager, JJ.; McNally, J., dissents in the following memorandum: I vote to reverse, vacate the reference, and grant plaintiff's motion to commit defendant. In my opinion there is no real dispute as to defendant's earnings. Order entered on January 19, 1961 on the defendant's motion to reduce alimony, and which directed a reference, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs, and motion denied without prejudice to a subsequent renewal. The inherent characteristics of defendant's vocation make his earnings of an undulatory nature. The alimony payments therefore should not be reduced unless there be demonstrated a more extended period of low earnings for reasons beyond his control. He should not be relieved of his obligation during periods of low earnings, because the nature of his calling makes it necessary that he discharge his obligations during periods of high income. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.